UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------

ELIEZER L. ADLER on behalf of himself
and all other similarly situated

                        Plaintiff,

       -against-

RJM ACQUISITIONS LLC

                        Defendant.

-----------------------------------------------------------

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★    JUL 06 2012    ★

LONG ISLAND OFFICE

**CV- 12 3362**

**TOWNES, J.**

**POHORELSKY, M.**

**SUMMONS ISSUED**

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff seeks redress for the illegal practices of RJM ACQUISITIONS LLC Interstate, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA") and the Credit Repair Organizations Act, 15 U.S.C. § 1679 *et seq.* ("CROA").

### *Parties*

2. Plaintiff is a citizen of the State of New York and resides in this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt purportedly owed to Washington Mutual.

4. Upon information and belief, RJM Acquisitions LLC is a New York limited liability company which maintains an office for collection of debts in Syosset, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

## *Allegations Particular to Eliezer L. Adler*

9. On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10. Within the past year defendant sent the plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Said letter states in pertinent part as follows: "RJM Acquisition LLL ("RJM") is pleased to accept the sum of $2,396.921 in full satisfaction of the above referenced matter. The $2,396.92 can be paid as follows:
Send $50.00 to RJM by July 15, 2011. Then,
Send RJM $50.00 a month beginning August 15, 2011 and continue to send $50.00 each month until the settlement balance of $2,392.92 is paid.
When you finish paying, this account will be satisfied-in-full, and, as per your specific request, RJM will have our reporting of this account deleted with Experian and Trans-Union."

2

12. By the use of foregoing language, the defendant falsely represents services rendered and engages in deceptive representations in violation of 1692e, 1692e(2) and 1692e(10). See also <u>Nielsen v. United Creditors Alliance Corp., 1999 U.S. Dist. LEXIS 13267 (E.D.N.Y. Aug. 19, 1999)</u>.(Defendant corporation and defendant officers sent plaintiff debtor a notice seeking to collect a debt. The notice asked plaintiff to "take advantage of this opportunity to repair your credit at a substantial savings." The court denied defendants' motion to dismiss. Plaintiff sufficiently stated a claim for relief under both the Fair Debt Collection Practices Act, 15 U.S.C.S. § 1692e(10), and the Credit Repair Organizations Act, 15 U.S.C.S. § 1679b(a)(3), (4), because the statement falsely claimed that settlement of a debt would "repair" her credit. Accordingly, plaintiff did state a claim for relief and dismissal pursuant to Fed. R. Civ. P. 12(b)(6) would be improper.)

13. On or about August 1, 2011 the defendant sent the plaintiff a collection letter.

14. Said collection letter states in pertinent part as follows: We have not received your payment of $50.00 that you promised to send. If you recently mailed this payment to us, thank you."

15. Said representation is false as the plaintiff never promised to pay $50.00.

16. Upon information and belief, it is defendant's collection practice to send the text of the August 1, 2011 letter regardless of whether the consumer has committed to accept the settlement offer or not.

17. Defendant's letter is in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(10) and 1692f.

18. Within the past year prior to the filing of the within complaint, the defendant had a conversation with the plaintiff.

19. At no time during the conversation did the defendant's collector state or was there a recorded message indicating that the telephone call may be monitored or recorded. See Thomasson v. GC Services Limited Partnership, 321 Fed. Appx.

3

557 (9th Cir.2008). Summary judgment for the defendant reversed where the evidence showed that the collection company's monitoring the consumers' telephone calls without notification was a deceptive practice in violation of § 1692e(10).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

20. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-19 as if set forth fully in this Cause of Action.

21. This cause of action is brought on behalf of plaintiff and the members of three classes.

22. Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about June 15, 2011 sent within one year prior to the date of the within complaint (b) the collection letter was sent to a consumer seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered (d) and plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2) and 1692e(10).

23. A similar class was certified in *Bigalke v. Creditrust Corp., 2001 U.S. Dist. LEXIS 14591 Granting class certification.* In the *Bigalke* case the plaintiffs alleged that these representations "are misleading, in that they suggest to an unsophisticated consumer that Creditrust can completely remove a report of a bad debt from his or her credit report," which allegedly is not true. Plaintiffs also allegee that the form letter's

promise to report a debt as "satisfied in full" is "vague and obfuscatory" and is not the accepted terminology in the credit industry, which makes the form letter further misleading. (Am. Compl. P 21.) Plaintiffs allege these representations constitute violations of § 1692e(10) of the FDCPA.

24. Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about August 1, 2011 sent within one year prior to the date of the within complaint (b) the collection letter was sent to a consumer seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered (d) and plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692d, 1692e, 1692e(10) and 1692f.

25. Class C consists of all persons whom Defendant's records reflect resided in the State of New York and who had a telephone conversation with one of defendant's collectors within one year prior to the filing of the complaint up until the filing of the complaint during which time the consumer had a conversation with one of defendant's collectors wherein the defendant failed to indicate that the call was being monitored or recorded and where the plaintiff asserts that the telephone conversation contained violations of 15 U.S.C. §§ 1692e and 1692e(10).

26. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that collection letters and telephone calls are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters and engaged in the telephone calls, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

27. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

28. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

29. Collection letters and telephone calls, such as those sent and in which the defendant had engaged are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

30. The defendant's use of the language and failure to use certain language violates the Fair Debt Collection Practices Act.

31. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

    (a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

    (b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c) Any other relief that this Court deems appropriate and just under the circumstances.

### AS AND FOR A SECOND CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of herself and the members of a class, as against the defendant for violations of the Credit Repair Organizations Act..*

32. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-12 as if set forth fully in this Cause of Action.

33. This cause of action is being brought on behalf of one class.

34. The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about June 15, 2011 sent within one year prior to the date of the within complaint (b) the collection letter was sent to a consumer seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered (d) and plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1679(a)(3) and (4).

35. A similar class was certified in *Bigalke v. Creditrust Corp., 2001 U.S. Dist. LEXIS 14591 Granting class certification*. Plaintiffs allege that these representations "are misleading, in that they suggest to an unsophisticated consumer that Creditrust can completely remove a report of a bad debt from his or her credit report," which allegedly is not true. (Am.Compl. PP 19, 20.) Plaintiffs also allege that the form letter's promise to report a debt as "satisfied in full" is "vague and obfuscatory" and is not the accepted terminology in the credit industry, which makes the form letter further misleading. (Am. Compl. P 21.) Plaintiffs allege these representations constitute violations of CROA. The Court found that the consumer alleged that the collector regularly used the mails to provide or offer to provide consumers with a service, in return for money,which purported to improve the consumer's credit record , the CROA applied to the collector because the act applied to persons, which was a broader definition than that of a credit repair organization. The consumer alleged that the company violated 15 U.S.C.S. § 1679(a)(3) and (4).

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(d) Actual and punitive damages provided under the CROA;

(e) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(f) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
July 5, 2012

_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)